IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAY ALLEN NELSON<br><br>Plaintiff,<br><br>vs.<br><br>COMMANDER JENNIFER ROOTE, and NURSE TAMMI (last name unknown,<br><br>Defendant. | CV 17-128-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

Defendants Jennifer Roote and Nurse Tammi move for summary judgment dismissing Plaintiff Jay Nelson's claims advanced in this action under 42 U.S.C. § 1983. They assert that Nelson failed, as required by 42 U.S.C. § 1997e(a), to exhaust his administrative remedies available to him at the Flathead County Detention Center as to the subject matter of this action. Nelson has not filed either a brief, a statement of disputed facts, or evidentiary materials in response to the motion.

Nelson was incarcerated at the Flathead County Detention Center from November, 2016, through June 18, 2017. He filed his complaint in this action on September 15, 2017, in which he alleges Defendants failed to provide

1

constitutionally adequate medical treatment to him at the Detention Center from February, 2017, through April, 2017. Nelson was a "prisoner" at the time he filed this action. 42 U.S.C. § 1997e(h); (Doc. 2 at 4 of 11.)

Roote and Tammi submitted evidence in support of their summary judgment motion which establishes that a grievance procedure was available to Nelson at the Flathead County Detention Center, and that Nelson did not file a grievance, or otherwise invoke those grievance procedures regarding the subject of this lawsuit. (Docs. 20, 20-1, 20-2, 20-3, and 20-4.)

Section 1997e(a) prohibits a prisoner from bringing a section 1983 action until after "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). This exhaustion requirement is mandatory (*Woodford*, 548 U.S. at 85), and absent exhaustion of administrative remedies before the prisoner commences the action the case is subject to dismissal without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

The undisputed facts establish Nelson did not exhaust his administrative remedies at the Flathead County Detention Center as required by section 1997e(a). Therefore, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment be GRANTED, and this action be DISMISSED without

prejudice.

If the presiding District Judge adopts this recommendation, then the Clerk of Court should be directed as follows:

1. Close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

2. Make a docket entry reflecting that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS, AND OF CONSEQUENCES OF FAILURE TO OBJECT

Nelson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."   Therefore, since Nelson is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of April, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge